IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA H., §<br>   Plaintiff, §<br> §<br>v. §<br> §<br>KILOLO KIJAKAZI, §<br>ACTING COMMISSIONER OF §<br>SOCIAL SECURITY, §<br>   Defendant. § | No. 3:20-cv-01890-X-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Barbara H.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 6). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

**Background**

Plaintiff alleges that she is disabled due to "a bulging disc, nerve pain and arthritis in her back, high blood pressure, asthma, chronic bronchitis, and chronic

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

obstructive pulmonary disease." Pl.'s Br. 5-6 (ECF No. 16); Admin. R. 197-200, 213 (ECF No. 13-1). She was born in 1954 and was 59 years old at her alleged disability onset. *See* Admin. R. 72. Plaintiff completed high school, took some college classes, and has past work experience as an accounting manager and a financial adviser. *Id.* at 72, 90.

On August 4, 2017, Plaintiff applied for disability insurance benefits (DIB) under Title II of the Social Security Act. *Id.* at 19. In her application, Plaintiff alleged disability beginning March 20, 2014. *Id.* at 213. After the Commissioner denied Plaintiff's application initially, *id.* at 124, and upon reconsideration, *id.* at 132, a hearing to determine Plaintiff's disability status was held before an administrative law judge (ALJ). *Id.* at 64. The hearing took place in Dallas, Texas, on July 24, 2019. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB. *Id.* at 32. In his decision, the ALJ conducted the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 18, 2014. Admin. R. 21. At steps two and three, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the spine post-surgery, asthma, chronic obstructive pulmonary disease, obstructive sleep apnea, chronic pain, and obesity, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 21-23. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform the full range of sedentary work, with additional limitations. *Id.* at 24. Specifically, the ALJ found that Plaintiff can stand and/or walk two hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can climb ramps and stairs occasionally; but cannot climb ladders, ropes, or scaffolds; and she should avoid hazardous machinery, fumes, odors, gases, environments with poor ventilation, and unprotected heights. *Id.* At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform her past relevant work as both an accounting manager and a financial advisor. *Id.* at 31-32.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5-8. The Council denied review. *Id.* at 5. Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Specifically, Plaintiff argues that the ALJ did not comply with the regulatory requirements in evaluating the persuasiveness of the medical opinions of record and that the ALJ's RFC determination is not supported by substantial evidence. Pl.'s Br. 13.

## Legal Standard

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support her decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—substantial evidence does not support the ALJ's disability determination and denial of benefits because the ALJ cannot disregard all medical-opinion evidence

4

about Plaintiff's limitations and make an RFC assessment based upon his own lay interpretation of raw medical data. Pl.'s Br. 26.

RFC is the most that a person can still do despite recognized limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (Ramirez, J.) (internal quotation marks omitted) (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988) (per curiam)), *rec. accepted*, 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). An individual's RFC should be based on all relevant evidence in the case record, including opinions submitted by medical sources. 20 C.F.R. at § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *1.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's] residual functioning capacity is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). A reviewing court must defer to the ALJ's decision when

5

substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [the ALJ's] findings." *Hill*, 2020 WL 6370168, at *6 (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Hill*, 2020 WL 6370168, at *6 (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hill*, 2020 WL 6370168, at *6 (citing *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)).

Here, Plaintiff argues the ALJ rejected all the medical opinions concerning the effects of Plaintiff's obstructive sleep apnea and pulmonary/respiratory impairments on her ability to work, and the ALJ therefore had no legitimate basis to form a valid RFC.[2] *See* Pl.'s Br. 26-27. Accordingly, Plaintiff argues the ALJ's

---

[2] The Commissioner's assertion that Plaintiff "contends that substantial evidence cannot support an RFC assessment unless the ALJ adopts the functional limitations opined by a medical source with respect to each and every impairment resulting in limitations," Def.'s Resp. 7 (ECF No. 17), mischaracterizes Plaintiff's position.

6

RFC determination is not supported by medical-opinion evidence and is solely based on the ALJ's lay interpretation of raw medical data. *Id.*

The Fifth Circuit "held that an ALJ may not—without opinions from medical experts—derive" a plaintiff's RFC, and "an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Jeff Ivan M. v. Berryhill*, 2019 WL 3847992, at *5 (N.D. Tex. July 26, 2019) (Horan, J.) (internal quotation marks omitted) (*quoting Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995))), *rec. accepted*, 2019 WL 3842975 (N.D. Tex. Aug. 15, 2019) (Cummings, J.); *see also Moreno v. Astrue*, 2010 WL 3025525, at *3 (N.D. Tex. June 30, 2010) (explaining that, without expert medical interpretation, "evidence describing the claimant's medical conditions is insufficient to support an RFC determination"), *rec. accepted*, 2010 WL 3025519 (N.D. Tex. Aug. 3, 2010). "ALJs 'must be careful not to succumb to the temptation to play doctor' or make their own independent medical assessments." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)).

In this case, the record reflects Dr. Day treated Plaintiff for chronic respiratory problems on multiple occasions over several years, beginning in 2014. Admin. R. 283-303, 446, 449-50, 491-96, 519-21, 591-95, 655-60. Plaintiff was diagnosed with asthma and COPD; she suffered frequent bouts of bronchitis; and she was hospitalized and admitted to the ICU with respiratory failure in 2019. *Id.* Dr. Day and others prescribed a variety of medications such as Prednisone,

Symbicort, ProAir, and Proventil to address her breathing problems. *Id.* In a letter dated March 12, 2019, Dr. Day opined that Plaintiff qualifies for disability due to multiple medical conditions and that frequent flare-ups and complications that require medical attention and frequent office and emergency room visits prevent her from attending work. *Id.* at 677. Also, in a medical source statement dated April 3, 2019, Dr. Day reported that Plaintiff would require four hours of rest breaks during an eight-hour work period and would be expected to miss ten days or more of work on average per month. *Id.* 678-79. The ALJ rejected Dr. Day's opinions as "unpersuasive." *Id.* 30-31.

    The ALJ also found the opinions provided by the State agency medical consultants Shabnam Rehman, M.D. and Craig Billinghurst, M.D. to be "slightly less persuasive" based on evidence submitted at the hearing level. *Id.* Drs. Rehman and Billinghurst found that Plaintiff's only severe impairment was a spine disorder/disorder of the back. *Id.* at 103. Neither state medical consultant assessed the effects of Plaintiff's obstructive sleep apnea or pulmonary/respiratory impairments upon her RFC. It is also unclear what the ALJ meant in characterizing the state medical opinions as "slightly less persuasive." But, given the context of the phrase, it must mean either that the state medical opinions are "slightly less persuasive" than Dr. Day's opinion, or else that the state medical opinions are "slightly less *than* persuasive," without reference to Dr. Day's opinion. In either case, the ALJ rejected the opinions of both the state medical consultants and Dr. Day.

8

Having rejected the only medical evaluations of record addressing the functional effect of Plaintiff's severe impairments, the ALJ impermissibly relied on his own lay opinion derived from his interpretation of the medical evidence to determine the effects of Plaintiff's impairments on her ability to work. *See Jeff Ivan M.*, 2019 WL 3847992, at *5. The ALJ explained that he "considered all [of Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" to arrive at his RFC. Admin. R. 24. The ALJ also considered "the medical opinions and prior administrative medical findings." *Id.* However, as noted above, the ALJ found all the medical opinions in the record related to Plaintiff's obstructive sleep apnea and pulmonary/respiratory impairments to be unpersuasive and did not rely on them. Pl.'s Br. 26-27.

Instead, the ALJ relied on the objective medical evidence of record and his own interpretation of that evidence, including prescription history, "physical examinations," chest x-rays, "noted saturated room oxygen levels," and "blood pressure readings." *Id.* at 29-30. According to the ALJ, this medical evidence is "consistent with . . . the sedentary residual functional capacity." *Id.* at 29.

An ALJ may weigh competing medical opinions, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), but may not substitute his lay opinion for the uncontroverted medical opinion of treating and examining medical professionals who opined concerning the effects of Plaintiff's impairments, *see Williams*, 355 F. App'x at 832. The Fifth Circuit explained "as a non-medical professional, the ALJ

9

is not permitted to draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Kenneth S. v. Saul*, 2019 WL 3881618, at *5 (N.D. Tex. July 31, 2019) (Horan, J.) (internal quotation marks omitted) (quoting *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003)), *rec. accepted*, 2019 WL 3859653 (N.D. Tex. Aug. 15, 2019) (Lindsay, J.); *see also Deborah Jean S. v. Saul*, 2021 WL 374986, at *5-6 (N.D. Tex. Jan. 4, 2021) (Horan, J.) ("Rather than rely on the mental health professionals' opinions, the ALJ seems to have rejected any diagnoses contrary to his conclusion based on his own medical assumptions." (citing *Lopez v. Saul*, 2020 WL 4934462, at *6 (W.D. Tex. Aug. 22, 2020)), *rec. accepted*, 2021 WL 364041 (N.D. Tex. Feb. 3, 2021) (Lynn, C.J.).

      Here, the ALJ rejected all the medical expert evidence concerning the effects of Plaintiff's impairments and determined Plaintiff's RFC based on his own evaluation of findings from Plaintiff's various physical exams, tests, and readings. This RFC determination is not supported by substantial evidence. *See Montano v. Saul*, 2021 WL 1379548, at *8-9 (N.D. Tex. Mar. 26, 2021) (Ray, J.), *rec. accepted*, 2021 WL 1377948 (N.D. Tex. Apr. 12, 2021) (O'Connor, J.); *see also Deborah Jean S.*, 2021 WL 374986, at *6; *Jeff Ivan M.*, 2019 WL 3847992, at *5; *Kenneth S.*, 2019 WL 3881618, at *7; *Salmond*, 892 F.3d at 818. Indeed, it is error to "mak[e] the RFC determination after rejecting the only medical opinions in the record that addressed the effect of [the claimant's] . . . impairments on [her] ability to work." *Fitzpatrick v. Colvin*, 2016 WL 1258477, at *7 (N.D. Tex. Mar. 31, 2016) (Fitzwater, C.J.) (citing *Thornhill v. Colvin*, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014)

(Horan, J.), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015) (Lynn, J.)). "Such a determination necessarily involves the ALJ's substitution of his own medical opinion for those he dismissed." *See id*.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show she was prejudiced by the ALJ's disregard for the medical opinion evidence in assessing her RFC. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). To establish prejudice, Plaintiff must show this failure of the ALJ to rely on a medical opinion casts doubt onto the existence of substantial evidence supporting her disability determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the ALJ's rejection of Dr. Day's and the state consultants' medical opinions on Plaintiff's limitations is material. Based only on his own evaluation of the medical and other evidence, the ALJ concluded that Plaintiff can perform the full range of sedentary work and that she can "stand and/or walk two hours in an eight-hour workday, and she can sit for six hours in an eight-hour workday." Admin. R. 24. If the ALJ did not reject Dr. Day's opinion, he could conclude Plaintiff is unable to work because Plaintiff may be "prevented from attending

11

work" due to her frequent medical needs and her requirement of 4 hours of breaks during an 8-hour workday. *Id.* at 677-78; *see also id.* at 31.

Such a conclusion is material, for at the hearing before the ALJ, the vocational expert testified an individual "who needed frequent, unscheduled rest breaks of 30 minutes or more" would be "preclude[d from] full-time competitive employment, as [he or she] would [require] too much time away from work station." *Id.* at 92. Moreover, the burden is on the Commissioner at Step 5 to identify gainful employment available in the national economy that Plaintiff can perform. *Jeff Ivan M.*, 2019 WL 3847992, at *6 (citing *Myers v. Apfel*, 238 F.3d 617, 621-22 (5th Cir. 2001)). Therefore, the ALJ erred by making an RFC determination without medical evidence addressing the effects of Plaintiff's impairments on her ability to work and Plaintiff was harmed by that error. Accordingly, substantial evidence does not support the ALJ's determination of Plaintiff's RFC.

Plaintiff also argues the ALJ failed to follow the regulatory requirements for evaluating medical opinion evidence set out in 20 C.F.R. § 404.1520c. *See generally* Pl.'s Brief 18-26. The Court pretermits consideration of this argument because the Court finds the ALJ's disability determination is not supported by substantial evidence

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court

should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** January 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).